Garcia v. Sistarenik

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand fifteen.

PRESENT: DENNIS JACOBS,
        PETER W. HALL,
        GERARD E. LYNCH,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - -X

DENISE ANN GARCIA, as administrator
of the estate of James J. Healy, Jr.,
deceased,

      Plaintiff-Appellee,

     -v.-                      14-3306

DEPUTY BENJAMIN SISTARENIK,
      Defendant-Appellant.[*]

- - - - - - - - - - - - - - - - - - -X

---

[*]    The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

**FOR APPELLANT:** DAVID L. POSNER (<u>with</u> Kimberly Hunt Lee, <u>on the brief</u>), McCabe & Mack LLP, Poughkeepsie, New York.

**FOR APPELLEE:** MICHAEL ZILBERG (<u>with</u> Gary Todd Certain, <u>on the brief</u>), Law Office of Certain & Zilberg, PLLC, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Stein, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED** in part, and that the appeal be **DISMISSED** in part.

Dutchess County Sheriff's Deputy Benjamin Sistarenik appeals from an interlocutory order of the United States District Court for the Southern District of New York (Stein, <u>J.</u>) denying his motion for summary judgment on the basis of qualified immunity. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Typically, "[t]he denial of a motion for summary judgment is . . . not immediately appealable because such a decision is not a final judgment." <u>Jones v. Parmley</u>, 465 F.3d 46, 54 (2d Cir. 2006) (internal quotation marks omitted). The collateral-order doctrine, however, provides a limited exception, under which "the denial of a qualified-immunity-based motion for summary judgment is immediately appealable to the extent that the district court has denied the motion as a matter of law, although not to the extent that the defense turns solely on the resolution of questions of fact." <u>Id.</u> (internal quotation marks omitted). In other words, this Court has appellate jurisdiction "to determine whether a [a disputed factual] issue is *material*, but not whether it is *genuine*." <u>Bolmer v. Oliveira</u>, 594 F.3d 134, 141 (2d Cir. 2010).

**1.** As to the excessive force claim, we dismiss for lack of appellate jurisdiction.

Relying on conflicting witness testimony, the district court held that "a reasonable jury could conclude that Healy was no longer resisting the officers when he was tased," Dist. Ct. Op. at 15; that "Healy did not pose an immediate threat to the safety of the officer[s] or others at the time Sistarenik tased Healy," Dist. Ct. Op. at 17; and that "Sistarenik . . . administer[ed] two taser shocks against Healy in short succession without advance warning and while Healy was restrained on the floor by four other officers," Dist. Ct. Op. at 21.

It cannot be disputed that the fact issue of whether (and to what extent) Healy presented a threat at the time Sistarenik used the taser is material. See, e.g., Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 124 (2d Cir. 2004) ("Because a reasonable jury could . . . find that the officers gratuitously inflicted pain in a manner that was not a reasonable response to the circumstances, . . . the determination as to the objective reasonableness of the force used must be made by a jury following a trial."). On appeal, Sistarenik refuses to accept plaintiff's version of the facts, and argues--just as he did in the district court--that "[f]rom Sistarenik's perspective[, Healy] presented a live and continuing threat," Appellant's Br. at 21, at the time of the tasing. Perhaps he did; perhaps he did not. But we lack appellate jurisdiction to review the genuineness of these factual disputes. Bolmer, 594 F.3d at 141.

**2.** As to the due process claim for denial of medical care, we affirm the denial of summary judgment. Sistarenik's only argument on appeal is that, although the four state troopers on the scene had a duty to provide medical care to Healy, Sistarenik had no such duty because he was a "non-custodial officer." Appellant's Br. at 29. Sistarenik cites no authority for this proposition.

In any event, the argument is forfeited, because Sistarenik raised it for the first time in his reply brief in support of his motion for summary judgment. Presumably, that is why the district court did not address the argument (in what is otherwise a thorough written opinion). Accordingly, we decline to consider it for the first time on

3

appeal.  <u>See, e.g.</u>, <u>Dalberth v. Xerox Corp.</u>, 766 F.3d 172, 184 (2d Cir. 2014).

*  *  *

For the foregoing reasons, and finding no merit in Sistarenik's other arguments, we hereby **AFFIRM** the order of the district court, in part; and **DISMISS** for lack of appellate jurisdiction, in part.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK